## BROWN v. PACIFIC COAST COAL COMPANY.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 303. Argued March 14, 1916.—Decided June 12, 1916.

In a case where its jurisdiction rests on diverse citizenship, it is the duty of the Federal court to follow the applicable decisions of the state court.

The Supreme Court of the State of Washington, having in an earlier and similar case to the one pending in the Federal court, decided that under the Mining Act of that State there is a duty on the mine owner to supply ventilation that will prevent accumulations of gas, which duty cannot be delegated, and that the gas tester is a representative of the principal, and not a fellow servant of other employees engaged in mining, *held,* that it was the duty of the Circuit Court of Appeals to have followed that ruling and to hold that the gas tester was not a fellow servant.

Even though in the earlier case in the state court, the words of the state Supreme Court might have been *obiter dicta,* if they stated the principle of the decision, it was the duty of the Federal court to follow them, even though the state court may have previously held otherwise.

214 Fed. Rep. 255, reversed; 211 Fed. Rep. 869, affirmed.

THE facts, which involve the validity of a judgment of the Circuit of Appeals in an action for personal injuries, and the duty of the Federal court to follow the applicable decisions of the state court in such cases, are stated in the opinion.

*Mr. H. R. Lea,* with whom *Mr. Charles F. Consaul* and *Mr. Charles C. Heltman* were on the brief, for petitioner.

*Mr. C. H. Farrell,* with whom *Mr. W. B. Stratton, Mr. J. H. Kane* and *Mr. Stanley J. Padden* were on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action for personal injuries caused to the petitioner, the plaintiff, a miner, by an explosion of gas in a coal mine, in consequence, it is alleged, of the defendant's neglect of its duty so to ventilate the mine as to make an explosion impossible. The trial judge left to the jury questions of the plaintiff's contributory negligence or assumption of risk, but instructed them that the law required the defendant to provide a sufficient amount of ventilation; that the duty of the inspection, prevention and removal of any accumulation of gas was a personal duty of the defendant that could not be delegated; and that an employee, one of whose duties was to test for gas, was not a fellow servant of the miners so far as he was engaged in the performance of that duty. There was a verdict for the plaintiff which was set aside by the Circuit Court of Appeals. 211 Fed. Rep. 869; 128 C. C. A. 247. 214 Fed. Rep. 255; 130 C. C. A. 625.

The duty of the fire-boss who exploded the gas was to test for gas as well as to fire the shots in blasting, which last he was about to do. It is unnecessary to go into further details, as the only matter that requires discussion is whether the Circuit Court of Appeals was right in reversing the judgment on the ground that this man was a fellow servant of the plaintiff and that the defendant's duty to secure ventilation was not absolute. The statute of 1897, which was in force at the time of the accident, September 7, 1910, enacts that the owner or operator of every coal mine "shall provide in every coal mine a good and sufficient amount of ventilation for such persons and animals as may be employed therein,' fixing a minimum amount, 'and said air must be made to circulate through the shafts, levels, stables, and working places of each mine and on the traveling roads to and from all

such working places.' Then the division of mines into districts or splits and the number of men to be employed in each are provided for, and then the act goes on 'Each district or split shall be ventilated by a separate and distinct current of air, conducted from the down-cast through said district, and thence direct to the up-cast. . . . In all mines where fire-damp is generated, every working place shall be examined every morning with a safety lamp by a competent person, and a record of such examination shall be entered by the person making the same in a book,' etc. Laws of 1897, c. 45, § 4. Bal. Wash. Code, § 3165. Rem. & Bal. Code, § 7381.

In the case of a similar accident occurring under the same law the Supreme Court said "the duty of inspection, prevention, and removal of any accumulation of gas is imposed on the coal company. This duty is personal, and cannot be delegated. . . . The gas tester, under the facts in this case, was not a fellow servant with the plaintiff. He was the representative of principal duties of the defendant." The refusal of the instruction that the gas tester was a fellow servant with the plaintiff, a miner, was upheld. *Costa* v. *Pacific Coast Co.*, 26 Washington, 138, 142, 143. The language of this case was quoted and the same principle applied in *Czarecki* v. *Seattle & San Francisco Ry. & Navigation Co.*, 30 Washington, 288, 294, 295. And the same words were repeated by the judge to the jury in the present case.

When this case came before the Circuit Court of Appeals it seems to have been thought that *Costa* v. *Pacific Coast Co.* arose under an earlier statute. Upon a petition for rehearing the court merely stated that no decision of the Supreme Court had been found that held the person required to examine the working places every morning to be the representative of the master, and that the fire-boss must be regarded as a fellow servant with the plaintiff. We are unable to reconcile this view with the

language that we have quoted. It now is suggested that there is a distinction between the point decided there and here, the failure there having been to warn the miner, and that the remarks of the court were *obiter dicta*. We shall go into no nice inquiry upon this point. The statements were statements of the principle of the decision and it was the duty of the Circuit Court of Appeals to follow them. Still less does it matter in a case like this, if, as is said, the latter court had decided otherwise at an earlier time.

Concerning the facts to which the ruling here dealt with applied, it is enough to say that the evidence warranted a finding by the jury that the defendant had neglected the duties absolutely imposed upon it, without now going into the details of the different views that might have been taken. The other matters that have been argued here, as to the plaintiff's contributory negligence, etc., need not be mentioned further than to say that we see no ground in them for a different result from that which we have reached.

*Judgment reversed.*

*Judgment of District Court affirmed.*